UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GOD, aka MICHAEL WALLER,

    Plaintiff,

v.                                                  CASE NO.  3:17-cv-1252-J-32JBT

DUKE ENERGY INC., et al.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Consolidated Motion to Proceed in this Matter and on Appeal In Forma Pauperis (Doc. 2), which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis* ("Motion"). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.

In its prior Order (Doc. 10), the Court took the Motion under advisement and stated that Plaintiff's Complaint (Doc. 1) was deficient in several respects. In general, the Complaint did not contain sufficient factual allegations to state a claim

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

on which relief may be granted, and it was technically deficient.  (*See* Doc. 10.)  For example, the Court noted that "Plaintiff is attempting to sue several energy companies, the State of Indiana, and the State's regulatory commission," but that "Plaintiff's 14-page statement of facts fails to provide any discernable factual information that, even liberally construed, could support a constitutional violation or a claim for relief under the federal acts cited in his Complaint."  (*Id.* at 4–5.)  The Court ordered Plaintiff to file a proper amended complaint on or before January 29, 2018.[2]  (Doc. 11 at 2; Doc. 10. at 8.)  Plaintiff was cautioned that failure to comply with the Court's instructions would "likely result in a recommendation to the District Judge that the IFP Motion be denied and that this case be dismissed."  (*Id.*)

To date, Plaintiff has not filed an amended complaint or taken any other action regarding this case.[3]  For this reason, and the reasons stated in the prior Order (Doc. 10), the undersigned recommends that this case be dismissed for

---

[2] In the prior Order, Plaintiff was instructed to file an amended complaint by December 29, 2017. (Doc. 10 at 8.)  However, the Order was returned as undeliverable even though it was mailed to the name and address provided in Plaintiff's Motion.  (*See* Doc. 11 at 1.)  Accordingly, the Court directed the Clerk of Court to resend the Order to Michael Waller at the same address, as well as to two additional addresses found elsewhere in his filings—another address in Jacksonville and one in Bloomington, Indiana.  (*See id.*)  Plaintiff was also provided with an additional thirty days in which to file an amended complaint.  (*Id.*)  The docket shows that only the Indiana mailing was returned as undeliverable.

[3] Since the filing of the Court's prior Order, one Defendant has appeared by fling a Motion to Dismiss with Prejudice, Alternative Motion for More Definite Statement, Alternative Motion to Dismiss or Transfer for *Forum Non Conveniens* (Doc. 12).  However, pursuant to 28 U.S.C. § 1915, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]"  28 U.S.C. § 1915(2)(B)(ii).

Plaintiff's failure to state a claim on which relief may be granted and failure to prosecute.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on February 13, 2018.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Michael Waller
11001 Old Saint Augustine Road
Jacksonville, Florida 32257

Michael Waller
3622 Galicia Way
Suite 102
Jacksonville, Florida 32217

Counsel of Record